# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **ELENA SAWN** | * |
| **855 Angel Valley Court** | |
| **Edgewood, MD 21040** | * |
| | |
| *Plaintiff*, | * |
| | |
| vs. | * Civ. Action No. 1:14-cv-2064 |
| | |
| **U.S. EQUITIES CORP.** | * |
| **244 Colonial Road** | |
| **New Canaan, CT 06840** | * |
| | |
| Serve on: | * |
| | |
| Linda Strumpf, Esq. | * |
| 244 Colonial Road | |
| New Canaan, CT 06840 | * |
| | |
| and | * |
| | |
| **LINDA STRUMPF, ESQ.** | * |
| **244 Colonial Road** | |
| **New Canaan, CT 06840** | * |
| | |
| Serve on: | * |
| | |
| Linda Strumpf, Esq. | * |
| 244 Colonial Road | |
| New Canaan, CT 06840 | * |
| | |
| and | * |
| | |
| **WEINSTOCK, FRIEDMAN &** | * |
| **FRIEDMAN, P.A.,** | |
| **4 Reservoir Circle** | * |
| **Pikesville, MD 21208** | |

1

| | |
|---|---|
| **Serve on:** | * |
| **William H. Thrush** | * |
| 4 Reservoir Circle | |
| Pikesville, MD 21208 | * |
| *Defendant.* | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT AND DEMAND FOR JURY TRIAL

Now comes Elena Sawn, by and through her attorneys, E. David Hoskins, Max F. Brauer and The Law Offices of E. David Hoskins, LLC, and for her complaint alleges as follows:

## INTRODUCTION

1. Plaintiff Elena Sawn brings this action seeking redress for the illegal practices of Defendants in connection with the collection of debts in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA"); the Maryland Consumer Debt Collection Act, Md. Code Ann., Com. Law, § 14-201, *et seq.* (the "MCDCA"); and the Maryland Consumer Protection Act, Md. Code Ann., Com. Law, § 13-101, *et seq.* (the "MCPA").

2. The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, marital instability, to the

loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a). Congress also found that existing laws and procedures for redressing debt collection activities were inadequate to protect consumers. 15 U.S.C. § 1692(b).

3. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(e).

4. The FDCPA is a comprehensive statute that prohibits a catalog of activities in connection with the collection of debts by third parties. The FDCPA imposes civil liability on any person or entity that violates its provisions and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights. 15 U.S.C. § 1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

5. The FDCPA is a strict liability statute that provides for actual or statutory damages upon the showing of one violation. The Fourth Circuit and other federal courts have held that whether a debt collector's conduct violates the

FDCPA should be judged from the standpoint of the "least sophisticated consumer." *United States v. Nat'l Fin. Services, Inc.*, 98 F.3d 131 (4th Cir. 1996); *Clomon v. Jackson*, 988 F.2d 1314 (2d Cir. 1993); *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168 (11th Cir. 1985); *Graziano v. Harrison*, 950 F.2d 107 (3rd Cir. 1991); *Swanson v. Southern Oregon Credit Serv., Inc.*, 869 F.2d 1222 (9th Cir. 1988). The purpose of the least-sophisticated consumer standard "is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd." *Nat'l Fin. Services, Inc.*, 98 F.3d at 136 (quoting *Clomon v. Jackson*, 988 F.2d at 1318).

6. The FDCPA is a remedial statute that is construed liberally in favor of the debtor. *See, e.g., Garcia-Contreras v. Brock & Scott, PLLC*, 775 F. Supp.2d 808 (M.D.N.C. 2011); *Sprinke v. SB&C, Ltd.*, 472 F. Supp. 2d 1235 (W.D. Wash. 2006); *Clark v. Capital Credit & Collection Services, Inc.*, 460 F.3d 1162 (9th Cir. 2006); *Johnson v. Riddle*, 305 F.3d 1107 (10th Cir. 2002).

7. To prohibit abuses by debt collectors, the FDCPA, at 15 U.S.C. § 1692e, provides that a debt collector may not use "any false deceptive, or misleading representation or means in connection with the collection of any debt." In addition, the FDCPA at 15 U.S.C. § 1692f provides that a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

8. The MCDCA prohibits debt collectors from utilizing threatening or

4

underhanded methods in collecting or attempting to collect a delinquent debt. Md. Code Ann., Com. Law §§ 14–201 to 14–204. Specifically, the MCDCA states that a "person collecting or attempting to collect an alleged debt arising out of a consumer transaction," *id*. § 14–201(b), may not "[c]laim, attempt, or threaten to enforce a right with knowledge that the right does not exist." *Id*. § 14–202(8).

9. The Maryland Consumer Protection Act ("MCPA") prohibits "unfair or deceptive trade practices," Md. Code Ann., Com. Law § 13–301, and expressly designates as "unfair or deceptive trade practices" those that constitute any violation of the MCDCA. *Id*. § 13–301(14)(iii).

## JURISDICTION AND VENUE

10. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692k(d) and 28 U.S.C. § 1331.

11. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

12. Venue lies properly in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants conduct debt collecting activities in this District and a substantial portion of the acts that give rise to the claim occurred within this District. Additionally, Elena Sawn resides within the District of Maryland.

## PARTIES

13. Plaintiff, Elena Sawn, is a "consumer" as defined in 15 U.S.C. § 1692a(3) of the FDCPA, as she is a natural person who is being subjected to an

improper wage garnishment to collect a judgment entered in a lawsuit brought in New York that was never properly served on the Plaintiff. This judgment allegedly relates to a consumer debt Defendants allege is owed by the Plaintiff. Elena Sawn is also a "person" as that term is defined by the MCDCA and the MCPA.

14.  The Maryland Collection Agency Licensing Act ("MCALA") requires a debt collector to obtain a license. *See* MCALA, Md.Code Ann., Bus. Reg. § 7–301(a)("a person must have a license whenever the person does business as a collection agency in the State."). The MCALA defines a "collection agency" as a "person who engages directly or indirectly in the business of: … (ii) collecting a consumer claim the person owns, if the claim was in default when the person acquired it." *Id.* at § 7–101(c). "[A] Consumer Debt Purchaser that collects consumer claims through civil litigation is a 'collection agency' under Maryland law and required to be licensed as such regardless of whether an attorney representing the Consumer Debt Purchaser in the litigation is a licensed collection agency." Md. State Collection Agency Licensing Bd. Advisory Notice 05-10, May 5, 2010. Acting without a license is also a misdemeanor under Maryland law. *See* MCALA § 7–401(b).

15.  Defendant Weinstock, Friedman & Friedman, P.A. ("Weinstock") is a domestic corporation and is licensed under MCALA as a debt collector in

Maryland. Weinstock is regularly engaged, for profit, in the collection of debts allegedly owed by consumers. Weinstock uses the United States Mail in furtherance of its collection of debts alleged to be due another.

16. At all relevant times Weinstock acted as a "collector" and "person" as those terms are defined by Md. Code Ann., Com. Law, § 14-201(b) of the MCDCA.

17. Defendant U.S. Equities Corp. ("U.S. Equities") is a New York Corporation in the business of purchasing consumer debt on the secondary market for collection and is "debt collector" as that term is defined in 15 U.S.C. § 1692(a). U.S. Equities does not hold a collection agency license as required by MCALA and is conducting illegal debt collecting activities in Maryland.

18. Defendant Linda Strumpf is an attorney licensed to practice in the State of New York. Her principal business is debt collection and she regularly collects consumer debts alleged to be due to another. Upon information and belief, Defendant Linda Strumpf has an ownership interest in Defendant U.S. Equities and her husband, Hal Siegal serves as the office manager of her firm as also serves as the president and owner of U.S. Equities. Upon information and belief, Linda Strumpf resides and maintains an office at 244 Colonial Road, New Canaan, CT 06940 which is also the address used by U.S. Equities.

**FACTUAL ALLEGATIONS**

19. U.S. Equities, then represented by Linda Strumpf, allegedly obtained

7

a judgment on or about October 17, 2001 in the Supreme Court for Warren County, New York. This alleged judgment was allegedly recovered against a person with the name Elena Sawn who allegedly lived at 67-46 79th Street, Middle Village, NY 11379.

20. Plaintiff denies owing any obligation to U.S. Equities and prior to August 27, 2013, had never received any communication from U.S. Equities, Weinstock or Linda Strumpf alleging or otherwise claiming that Plaintiff owed an obligation to U.S. Equities.

21. Unbeknownst to the Plaintiff, U.S. Equities, then represented by Linda Strumpf, obtained the alleged judgment by default after misrepresenting to the Supreme Court of Warren County, New York that a person with the name Elena Sawn was served at 65 Rhode Island Ave., Queensbury, NY 12804 sometime in 2001.

22. Although Plaintiff had once lived at the 65 Rhode Island address, she last lived there in 1997. Plaintiff moved from New York to Maryland in August 1999 and has lived continuously in Maryland since then.

23. Plaintiff never authorized any person residing at 65 Rhode Island Ave., Queensbury, NY 12804 to accept service of process on her behalf.

24. Plaintiff does not know any person who resided at 65 Rhode Island Ave., Queensbury, NY 12804 in 2001.

25. Having never been properly served with the complaint in New York, the alleged judgment is legally defective.

26. Unbeknownst to the Plaintiff, U.S. Equities, now represented by Weinstock, allegedly recorded a foreign judgment from the Supreme Court of the State of New York for Warren County in the Circuit Court of Maryland for Baltimore County on or about August 23, 2012. Neither Weinstock nor U.S. Equities provided Plaintiff with notice of the recorded final judgment.

27. On or about July 26, 2013, U.S. Equities, represented by Weinstock, filed for a Writ of Garnishment of Wages directed to Central Payroll State of Maryland. The Writ of Garnishment issued listed Plaintiff's address as 5 Bellanca Court, Middle River, Maryland 21220. Although Plaintiff had lived at this address in the past, she had not lived there since 2003. Thus, a copy of the Writ of Garnishment was not served or otherwise provided to the Plaintiff.

28. Plaintiff first learned of the alleged New York judgment when she received a letter dated August 27, 2013 from the Comptroller of Maryland advising her that it been served with the Writ of Garnishment.

29. Upon learning of the Writ of Garnishment and the New York judgment, Plaintiff immediately challenged the legitimacy of the New York judgment, explaining that she was never properly served with the New York complaint because she was living in Maryland at the time the New York

9

complaint was allegedly served at 65 Rhode Island Ave., Queensbury, NY 12804 in 2001.

30. Plaintiff subsequently provided a sworn declaration advising Defendants that she had not been properly served. Defendants have never disputed the facts set forth in this declaration and have never presented any affidavit from the process server who allegedly served the New York complaint.

31. Plaintiff, through her counsel, requested that Defendants provide her an affidavit or other proof of service relating to the New York complaint. Defendants failed to honor this request.

32. Despite having actual knowledge that the Plaintiff had never been properly served with the New York complaint, Defendants continued to improperly garnish Plaintiff's wages causing her severe financial hardship.

33. On February 28, 2014, Plaintiff's counsel requested that Defendants stop garnishing the Plaintiff's wages until the Circuit Court for Baltimore County could rule on a Motion to Vacate the judgment based upon lack of service and lack of jurisdiction, explaining that the wage garnishment "is really pinching her."

34. On March 7, 2014, Weinstock replied as follows: "I am sorry to report my client is unwilling to honor your request at this time."

35. Thus, Defendants knowingly and intentionally have continued to garnish the Plaintiff's wages despite having actual knowledge that the New York

complaint was never properly served on the Plaintiff and despite having actual knowledge that the garnishment was causing significant financial hardship to the Plaintiff.

### FIRST CAUSE OF ACTION
### (The Fair Debt Collection Practices Act)

36. Elena Sawn incorporates the foregoing paragraphs.

37. Defendants U.S. Equities and Weinstock violated §§ 1692e(5) and 1692f by engaging in collection activities in an attempt to enforce in Maryland an alleged judgment entered in favor of U.S. Equities when U.S. Equities was not licensed as a debt collector pursuant to MCALA.

38. Defendants U.S. Equities, Weinstock and Linda Strumpf violated §§ 1692e; 1692e(2)(A); 1692e(5); 1692e(10) 1692f and 1692f(1) of the FDCPA by attempting to collect amounts allegedly owed to U.S. Equities when Plaintiff was not legally obligated to pay any amount to U.S. Equities.

39. The false and deceptive conduct alleged herein was material and has resulted in Defendants obtaining a wage garnishment that has caused the Plaintiff to suffer significant financial hardship.

40. As a direct consequence of Defendants' acts, practices and conduct, Elena Sawn has suffered and will continue to suffer actual damages, including the loss of wages, embarrassment, emotional distress, anger and frustration.

41. The one year FDCPA limitations is measured from the date of Elena

Sawn was first provided notice of the alleged New York judgment, which was on or about August 27, 2013.

WHEREFORE, Elena Sawn requests the following relief jointly and severally from the Defendants::

    a.    The Court enter judgment in favor of Elena Sawn and against the Defendants in the maximum amount of statutory damages provided under 15 U.S.C. § 1692k;

    b.    The Court enter judgment for actual damages in favor of Elena Sawn and against the Defendants in an amount in excess of $75,000.00; and that

    c.    The Court order such other and further relief as the nature of this case may require.

### SECOND CAUSE OF ACTION
### (The Maryland Consumer Debt Collection Act)

42    Elena Sawn incorporates the foregoing paragraphs.

43.    The alleged judgment is, on information and belief, a consumer debt which was primarily for personal, family, or household purposes and is therefore a "consumer transaction" as that term is defined by the Maryland Consumer Debt Collection Act.

44.    Defendants U.S. Equities, Weinstock and Linda Strumpf violated § 14-202(8) of the MCDCA by engaging in collection activities in an attempt to enforce in Maryland an alleged judgment entered in favor of U.S. Equities when

U.S. Equities was not licensed as a debt collector pursuant to MCALA.

45. Defendants U.S. Equities, Weinstock and Linda Strumpf violated § 14-202(8) of the MCDCA by attempting to collect amounts allegedly owed to U.S. Equities when each Defendant had actual knowledge that Plaintiff was not legally obligated to pay any amount to U.S. Equities because the Plaintiff had never been properly served with the lawsuit filed by U.S. Equities and Linda Strumpf in New York.

46. As a direct consequence of Defendants' acts, practices and conduct, Elena Sawn has suffered and will continue to suffer actual damages, including the loss of wages, embarrassment, emotional distress, anger and frustration.

WHEREFORE, Elena Sawn requests the following relief jointly and severally from the Defendants::

    a. The Court enter judgment for actual damages in favor of Elena Sawn and against the Defendants in an amount in excess of $75,000.00; and that

    b. The Court order such other and further relief as the nature of this case may require.

### THIRD CAUSE OF ACTION
### (The Maryland Consumer Protection Act)

47. Elena Sawn incorporates the foregoing paragraphs.

48. Elena Sawn is a consumer as defined by the Consumer Protection Act ("CPA"), Maryland Code Annotated, Commercial Law § 13-101(c).

49. Under § 13-301(14)(iii) of the CPA, unfair or deceptive trade practices also include any violation of the MCDCA.

50. Defendants U.S. Equities, Weinstock and Linda Strumpf violated § 13-301(14)(iii) of the CPA by attempting to collect amounts allegedly owed to U.S. Equities when each Defendant had actual knowledge that Plaintiff was not legally obligated to pay any amount to U.S. Equities because the Plaintiff had never been properly served with the lawsuit filed by U.S. Equities and Linda Strumpf in New York.

51. As a direct consequence of Defendants' acts, practices and conduct, Elena Sawn has suffered and will continue to suffer actual damages, including the loss of wages, embarrassment, emotional distress, anger and frustration.

WHEREFORE, Elena Sawn requests the following relief jointly and severally from the Defendants::

    a. The Court enter judgment for actual damages in favor of Elena Sawn and against the Defendants in an amount in excess of $75,000.00; and that

    b. The Court order such other and further relief as the nature of this case may require.

## JURY DEMAND

Elena Sawn hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs

to be awarded should Elena Sawn prevail on any of her claims in this action.

                              Respectfully Submitted,

                  */s/ E. David Hoskins*
                  E. David Hoskins, Bar No. 06705
                  THE LAW OFFICES OF E. DAVID HOSKINS, LLC
                  16 East Lombard Street, Suite 400
                  Baltimore, Maryland 21202
                  (410) 662-6500 (Tel.)

                  */s/ Max F. Brauer*
                  Max F. Brauer, Bar No. 30162
                  THE LAW OFFICES OF E. DAVID HOSKINS, LLC
                  16 East Lombard Street, Suite 400
                  Baltimore, Maryland 21202
                  (410) 662-6500 (Tel.)